IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:12-cr-00042 |
| v. | ) | |
| | ) | By:    Michael F. Urbanski |
| SHAWN PATRICK MANNING, | ) | Chief United States District Judge |
| Defendant-Petitioner. | ) | |

<u>MEMORANDUM OPINION</u>

This matter comes before the court on Defendant Shawn Patrick Manning's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 570 and 576. The government has responded in opposition, ECF No. 579, and Manning has submitted a reply in support of his motions, ECF No. 580. For the reasons stated herein, the court will **GRANT** Manning's motions and reduce his sentence to 130 months, but not less than time served.

BACKGROUND

On May 24, 2012, Manning and eleven co-defendants were charged in a seven-count indictment in the United States District Court for the Western District of Virginia. Indictment, ECF No. 3. Count One charged Manning with conspiring to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Presentence Investigation Report ("PSR"), ECF No. 380, at 4. Counts Two and Three charged Manning with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). <u>Id.</u>

On February 11, 2013, pursuant to a plea agreement, Manning pled guilty to the lesser included offense of conspiracy to distribute more than 100 kilograms of marijuana on Count 1, and to Count 2 of the indictment. <u>Id.</u> at 5. The government agreed to dismiss the remaining counts as they pertained to Manning. <u>Id.</u>

The parties agreed that Manning was responsible for more than 700 but less than 1,000 kilograms of marijuana, which produced a guideline base offense level of 30. Id. at 5–6. The offense level was increased two levels due to the conviction under Count II for money laundering under 18 U.S.C. § 1956. Id. at 16 (citing U.S.S.G § 2S1.1(b)(2)(B)). The offense level was increased an additional two points because Manning was found to be a career offender based on prior state court convictions for theft from a person, third degree (New Jersey), and for possession of a schedule I or II drug with intent to distribute (Virginia). Id. at 24. Manning had sixteen criminal history points and was criminal history category VI regardless of his career offender designation. Id. The offense level was reduced three points for acceptance of responsibility, bringing the total offense level to 31. Id. at 16.

Manning faced a minimum term of imprisonment on Count 1 of five years and a maximum term of 40 years. Id. at 30 (citing 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B)). The maximum term of imprisonment on Count 2 was 20 years. Id. (citing 18 U.S.C. § 1956). The total offense level of 31 and criminal history category of VI resulted in a guideline imprisonment range of 188 to 235 months. Id.

Manning objected to the finding that he was subject to an enhancement under the U.S.S.G. § 4B1.2 career offender provision. Id. at 33. While originally charged with robbery, Manning's offense of conviction was theft from a person, which he argued did not include the element of force necessary for a crime of violence in § 4B1.2(a)(1). Id. Without the career offender enhancement, Manning's total offense level was reduced two points to 29, and his resulting guideline range was reduced to 151 to 188 months. Id. at 34.

At sentencing on July 10, 2013, the court overruled Manning's career offender

objection, finding that the Fourth Circuit indicated that the theft from a person offense was a crime of violence under the residual clause. Sentencing Hr'g Tr., ECF No. 392, at 17. Accordingly, the court found that Manning had a total offense level of 31, a criminal history category of VI and a guideline custody range of 188 to 235 months. Id. at 18. The court sentenced Manning to a term of imprisonment of 188 months on each count to be served concurrently. Id. at 30. Manning has been in federal custody since August 15, 2012, and his projected release date is May 13, 2027.[1]

Manning seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that: (1) he would not be a career offender today; (2) he never should have been classified as a career offender; (3) the charging and sentencing landscape has changed; (4) he has already served a lengthy sentence; and (5) that there is a disparity in sentences between Manning and his co-defendants. Supp'l Mot. for Compassionate Release, ECF No. 576 at 1, 2. The government opposes Manning's motion for compassionate release and argues in the alternative that he should serve any remaining time as a term of home confinement during his supervised release period. Resp. in Opp'n, ECF No. 579 at 1, 17. The matter is fully briefed and ripe for disposition.

## DISCUSSION

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited May 6, 2022) (search "Shawn Patrick Manning").

defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Manning's requested relief requires the court to consider (1) if he satisfied the statute's administrative exhaustion requirement; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

## I.   Exhaustion

The court begins by considering the "threshold requirement" for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F.4th 126, 129 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131; see also id. at 130 (emphasizing that the wording of the statute "make[s] it unambiguously clear that Congress has provided defendants with two alternative ways to satisfy the threshold requirement").

Here, Manning followed the second route. Through his counsel, he made a request for a reduction in sentence to the Warden of USP Hazleton on February 11, 2021. Supp'l Mot.

4

for Compassionate Release, ECF No. 576 at 8. More than 30 days have passed since that request, making this motion timely in accordance with § 3582(c)(1)(A). See Muhammad, 16 F.4th at 131 (holding that the appellant satisfied the threshold requirement by filing his motion 149 days after submitting a request to the warden). The government does not dispute that Manning has satisfied this threshold requirement. See Resp. in Opp'n, ECF No. 579. Therefore, the court finds that Manning has fully satisfied § 3582(c)(1)(A)'s administrative exhaustion requirement.

## II.   Extraordinary and Compelling Reasons

The court must next determine whether there are any "extraordinary and compelling reasons" that would warrant "reduc[ing] the term of imprisonment" imposed in Manning's case. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has held that district courts may consider "any extraordinary and compelling reason for [compassionate] release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted). Manning argues that if sentenced today, he would not be considered a career offender, resulting in a much lower sentence. He argues that the disparity in the sentence he received and the sentence he would receive today is an extraordinary and compelling reason for relief. Supp'l Mot. for Compassionate Release, ECF No. 576 at 2, 5.

Manning argues that based on the Fourth Circuit's decision in United States v. Norman, 935 F.3d 232 (4th Cir. 2019), he would no longer qualify as a career offender if he were sentenced today. Id. at 3–4. "The career-offender enhancement—both in [2014] and now—requires that the 'instant offense of conviction' be, among other things, a 'controlled substance offense.'" United States v. Lancaster, 997 F.3d 171, 176 (4th Cir. 2021) (citing U.S.S.G. §

4B1.1). The court in Norman held that because a "conspiracy" conviction under § 846 lacks an overt act requirement, it is a categorical mismatch to the generic crime of conspiracy enumerated in § 4B1.2(b), and thus cannot count as a "controlled substance offense." Norman, 935 F.3d at 239. Manning's instant offense was for conspiracy to distribute marijuana. Supp'l Mot. for Compassionate Release, ECF No. 576 at 3.

The Fourth Circuit "has not yet considered whether Norman's holding, standing alone, constitutes an extraordinary and compelling circumstance warranting relief" under § 3582(c)(1)(A). United States v. Brown, No. 3:15-cr-00017, 2021 WL 2389881, at *9 (W.D. Va. 2021). Nonetheless, the Fourth Circuit has held that a district court may consider "the severity of the defendant[']s . . . sentence[] and the extent of the disparity between the defendant[']s sentence[] and [that] provided for under [current law]" when deciding a motion for compassionate release. McCoy, 981 F.3d at 286 (4th Cir. 2020). Although McCoy specifically addressed the sentencing disparity resulting from the First Step Act's amendments to 18 U.S.C. § 924(c), district courts in the Fourth Circuit, including this one, have extended McCoy's reasoning to cases in which defendants "would no longer be considered career offenders under Norman if sentenced today." Brown, 2021 WL 2389881, at *10; see also United States v. Trice, No. 7:13-cr-00034, 2021 WL 402462, at *3 (W.D. Va. Feb. 3, 2021) (finding that Norman's impact on the application of the career-offender enhancement provided an "'extraordinary and compelling' reason warranting a sentence reduction"); United States v. Shaw, No. 5:13-cr-00025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (same).

The government argues that Norman is not retroactive, citing this court's previous decision in United States v. Johnson, 2020 WL 2563541 (W.D. Va. May 19, 2020). Resp. in

Opp'n, ECF No. 579 at 12. While it is true that <u>Norman</u> is not retroactive, the compassionate release statute, as amended by the First Step Act, provides courts with the ability to consider a significant disparity between the sentence previously imposed and the sentence that could be imposed now when analyzing whether extraordinary and compelling circumstances exist. The government nonetheless argues that in order to qualify as a "significant disparity," the sentence that was imposed needs to be "dramatically lower," and that the sentence Manning would receive today would not meet that criterion. <u>Id.</u> at 13 (citing <u>Trice</u>, 2021 WL at *3).

The parties agree that if Manning were sentenced today, he would not qualify as a career offender and would no longer be subject to a guidelines range of 188 to 235 months. Instead, without the career offender designation, and after receiving the benefit of Amendment 782[2], Manning's guidelines range would be 130 to 162 months. Thus, the high end of the range that would now apply is more than two years less than the sentence originally imposed by the court. Moreover, Manning was sentenced at the low end of the guidelines to 188 months, a difference of more than four years from the current low end of the guidelines. While this reduction may be less dramatic than the reductions at issue in <u>McCoy</u>, a sentence of 130 months is approximately thirty percent shorter than the 188-month sentence Manning received. The court finds that this difference is significant and provides an extraordinary and compelling basis for a sentence reduction under § 3582(c)(1)(A). <u>See</u> <u>Shaw</u>, 2021 WL 3007266, at *5.

The government next argues that it could have made different charging decisions,

---

[2] Amendment 782 "revises the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in § 2D1.1…incorporate the statutory mandatory minimum penalties for such offenses." Amendment 782, <u>United States Sentencing Commission</u>, https://www.ussc.gov/guidelines/amendment/782.

asserting that Manning had at least five previous felony drug convictions that could have served as predicates for enhancement under 21 U.S.C. § 851, which would have resulted in a mandatory sentence of 20 years of incarceration if one predicate was applied, or mandatory life incarceration if two were applied. Id. at 13.[3] The government also argues that without the guilty plea, Manning's sentencing guidelines exposure on Count One was 262 to 327 months, higher than the range for the lesser included offense to which he pled guilty.

However, the government's hypothetical new plea agreement is unpersuasive. As the defendant emphasizes, "this court has repeatedly rejected attempts by the government to argue that it would have chosen a different prosecutorial strategy had different law governed at the time." United States v. Steppe, 3:16-cr-22, Dkt. 328, at 5 (W.D. Va. April 20, 2021) (citing United States v. Smith, 379 F. Supp. 3d 543, 548 (W.D. Va. 2019) ("The retroactive assumption suggested by the government simply is too speculative a basis on which to determine [a defendant's] eligibility for a sentence reduction."). "[S]uch a speculative claim is insufficient" as one could engage in many hypotheticals about what "might have been different at the time" Manning was charged. United States v. Stanback, 377 F. Supp. 3d 618, 624 (W.D. Va. 2019).

## III.   Consideration of § 3553(a) Factors

Having found that an extraordinary and compelling reason exists for a sentence reduction, the court "must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Those factors include: the nature and circumstances of the offense and the

---

[3] These enhancements also were reduced by the First Step Act.

history and characteristics of the defendant and the need for the sentence imposed to (a) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The court must also consider the kinds of sentences available, the guidelines range, pertinent policy statements of the United States Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). After considering the applicable § 3553(a) factors, the court will exercise its discretion to reduce Manning's term of imprisonment.

Looking first at the nature and circumstances of the offense, Manning was involved in a long-running drug distribution conspiracy that involved the distribution of more than a ton of marijuana worth about $2 million. PSR, ECF No. 380 at 14. Drug dealing is a serious offense and is destructive to communities. However, Manning was a minor player in the conspiracy, purportedly being paid between $40 and $100 each time he delivered drugs. Id. at 15. He was also only involved in the conspiracy for about three months. Id. Nor did Manning's offense involve any violence. Thus, the court finds this factor neither weighs in favor of or against a sentence reduction.

Turning to the history and characteristics of the defendant, although Manning has a long criminal history, most of his offenses were non-violent. One of his violent offenses, theft from a person in the 3rd degree, took place about 27 years ago, in 1995. Id. at 18. His other violent offense, assault and battery, took place in 2004, about 18 years ago. Id. at 21. As a

result of that charge, he successfully completed an anger management course through the Couples and Kids Counseling Center in 2006. Id. While incarcerated, Manning has had only two disciplinary infractions, one for having a dangerous weapon in 2014 and one for missing a class in 2016. While the weapon infraction was clearly serious, it occurred more than seven years ago. While incarcerated, Manning has worked toward obtaining his GED, has stayed employed as a compound orderly, and has completed drug treatment. Supp'l Mot. for Compassionate Release, ECF No. 576 at 8. The court finds that Manning's history and characteristics weigh slightly in favor of reducing his sentence.

Regarding the next factors, Manning has served almost ten years on these charges, and the court finds that such a sentence reflects the seriousness of the offense and is sufficient to promote respect for the law, provide just punishment, and protect the public from further offenses.

Looking at the kinds of sentences available, as discussed above, if Manning were sentenced today, his sentencing range would be 130 to 162 months. The court finds that this factor weighs in favor of reducing his sentence to 130 months.

Finally, considering the need to avoid unwarranted sentencing disparities, Manning's sentence of 188 months was the longest of all the defendants in the case. The next highest sentence was that of Cynthia Little, who was assessed a sentence of 168 months. While Manning's longer sentence was driven by his lengthy criminal history, see Sentencing H'rg Tr., ECF No. 392, at 27, the need to avoid unwarranted sentencing disparities weighs in favor of reducing his sentence.

After considering the parties' arguments and the applicable § 3553(a) factors, the court

concludes that a sentence reduction is warranted in Manning's case. The court finds that Manning's current sentence is greater than necessary to achieve the statutory sentencing objectives and that a lesser sentence, correctly applying the current version of the guidelines, would adequately reflect the magnitude and duration of Manning's criminal conduct. If sentenced today, Manning's guidelines range would be 130 to 162 months. Given the particular circumstances of this case, including Manning's history and characteristics, both positive and negative, the court concludes that a sentence at the bottom of the now-applicable guidelines is appropriate. Specifically, the court finds that a sentence of 130 months is sufficient, but not greater than necessary, to reflect the nature of Manning's conduct and criminal history, promote respect for the law, provide just punishment, afford specific and general deterrence, and protect the public. See 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons stated herein, the court will **GRANT** Manning's motions for compassionate release, ECF Nos. 570 and 576. The court will reduce his term of imprisonment to 130 months, but not less than time served. The clerk is directed to send a copy of this memorandum opinion and the accompanying order to Manning, his counsel of record, and the United States.

It is so **ORDERED**.

Entered:    May 9, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.05.09 15:22:41
-04'00'

Michael F. Urbanski
Chief United States District Judge